**James, Jr. and Glenna SALOME, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 25388.

United States Court of Appeals Fifth Circuit.

June 21, 1968.

Towner Leeper, El Paso, Tex., for appellants.

Mitchell Rogovin, Asst. Atty. Gen., Dept. of Justice, Lee A. Jackson, David O. Walter, Jeanine Jacobs, Attys., Dept. of Justice, Wash., D. C., Ernest Morgan, U. S. Atty., San Antonio, Tex., Meyer Rothwacks, Atty., Dept. of Justice, Washington, D. C., for appellee; Harry Lee Hudspeth, Asst. U. S. Atty., of counsel.

Before THORNBERRY and SIMPSON, Circuit Judges, and ATKINS, District Judge.

PER CURIAM:

In 1961 taxpayers purchased a fire, casualty, and automobile insurance agency. The sole question raised by this appeal is whether the insurance renewals for which the parties to the purchase and sale allocated $11,775 of the price are amortizable assets. In holding for the Commissioner on motion for summary judgment, the district court answered this question in the negative.

To qualify intangible property for amortization, taxpayers had the burden of establishing that it was of use in the business for only a limited time and that the length of this period was estimable with reasonable accuracy. Treas.Reg. § 1.167(a)–3 (1956). If they had developed evidence, their task would have been to distinguish the so-called renewals they purchased from the insurance dailies, subscription lists, and expirations involved in Commissioner of Internal Revenue v. Killian, 5th Cir. 1963, 314 F.2d 852. There the Court held that the dailies, subscription lists, and expirations common to a fire, casualty, and automobile agency are in the nature of goodwill, have an indeterminate life span, and therefore are not subject to a deduction for depreciation. No evidence was presented to the district court to distinguish *Killian*. Moreover, as the Commissioner pointed out, the purchase contract by its very terms characterized the property in question as goodwill. With the terms of the contract being conclusively in the Commissioner's favor and taxpayers having adduced no controverting evidence of a limited useful life, the court correctly held the assets not amortizable. Fed.R. Civ.P. Rule 56(e). The judgment is

Affirmed.