446 F.2d 554
 71-2 USTC P 9532
 S.S. BALLIN AGENCY, INC., Appellant in No. 19035,
v.
COMMISSIONER OF INTERNAL REVENUE (Tax Court Docket No. 6225-66).
S.S. BALLIN AGENCY, INC., and Subsidiary Company, Appellant
in No. 19036,
v.
COMMISSIONER OF INTERNAL REVENUE (Tax Court Docket No. 6226-66).
Joseph DELMAN and Jeanette Delman
v.
COMMISSIONER OF INTERNAL REVENUE, Appellant in No. 19037
(Tax Court Docket No. 932-67).
 Nos. 19035-19037.
 United States Court of Appeals, Third Circuit.
 Argued May 7, 1971.
Decided July 8, 1971.
 
 Alfred C. Clapp and Leonard M. Goldberg, Clapp & Eisenberg, Newark, N.J., for appellants in Nos. 19035 and 19036.
 Gordon S. Gilman, Dept. of Justice, Tax Division, Washington, D.C., for appellant in No. 19037 and appellee in Nos. 19035/6 (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Thomas L. Stapleton, Attys., Tax Division, Dept. of Justice, Washington, D.C., on the brief).
 Leonard J. Schwartz, Selwyn A. Horvitz, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for appellees in No. 19037.
 Before HASTIE, Chief Judge, and KALODNER and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 these appeals from decisions of the Tax Court present the question whether appellant met its burden of establishing that certain acquired intangible assets qualified for amortization for a limited period of time and that the length of this period was estimable with reasonable accuracy. The Tax Court held that appellant[1] failed to meet its burden. We affirm.
 
 
 2
 By written contract of sale S. S. Ballin Agency, Inc., purchased, for $156,000, a business known as United Health Agency, a single proprietorship owned by Joseph Delman. The agency represented American Casualty Company in the sale and servicing of health and accident insurance policies.[2] Transferred to appellant was the agency's agreement with its insuring company; all contracts with agents and brokers; the right to expirations under the United Health Agency-American Casualty Company agreement; lists and records of customers or policy holders indicating policy expiration dates; all books, records, and documents of the agency; and the exclusive right to the use of the name, United Health Agency.
 
 
 3
 Treating the purchase price as a cost of 'earned commissions on renewal premiums,' appellant claimed a deduction for amortization under 26 U.S.C. 167, contending that the assets had a limited useful life and thus qualified as an 'intangible asset * * * to be of use in the business for only a limited period, the length of which can be estimated with reasonable accuracy.' Treas.Regs. 1.167(a)-3. The Commissioner disallowed the deduction and the Tax Court agreed.
 
 
 4
 Although appellant persists in its contention that 'only the mere right to commissions' was acquired, it argues that the label affixed to the transferred assets is immaterial. Thus, whether that which was purchased be regarded as 'rights to commission' or 'lists of expirations' is not important; what appellant deems critical is the proposition that because the assets had a limited useful life in the conduct of its business, appellant is entitled to the appropriate deduction for depreciation. Appellant emphasizes that it conducts its business by relying on leads obtained by advertising for a large volume of small individual policies, rather than concentrating on sales campaigns for new business from the acquired expiration lists. It urges that we distinguish the facts here from those in Marsh & McLennan, Inc. v. Commissioner of Internal Revenue, 420 F.2d 667 (3rd Cir. 1969), on the ground that the purpose of the acquisition in Marsh & McLennan was not restricted to income generated from lists acquired, but was to obtain as well substantial additional business from five or six large commercial accounts.
 
 
 5
 The Commissioner responds that the acquired assets do not qualify for amortization as a matter of law because the lists of insurance expirations, being part of a going insurance agency business, were either part of the goodwill or 'so inextricably linked with goodwill as to have an indefinite useful life and therefore not depreciable.' Morris v. Commissioner, 27 T.C.M. 1558, 1562 (1968), quoted in Marsh & McLennan, supra, 420 F.2d at 670.[3] Additionally, the Commissioner contends that even if the assets had the capacity to qualify, the taxpayer failed to meet its burden of establishing the useful life of the intangible assets. Thrifticheck Service Corp. v. Commissioner of Internal Revenue, 33 T.C. 1038 (1960), aff'd 287 F.2d 1 (2nd Cir. 1961).
 
 
 6
 We do not find it necessary to review our holding in Marsh & McLennan, for we are persuaded that the Tax Court did not err in finding 'that Ballin's unsupported and generalized allegations fall far short of the proof required to establish the useful life of the intangible assets in issue.'
 
 
 7
 To establish the limited useful life, appellant relied only on the evidence of the other taxpayer involved in the proceeding below, Delman, whose 'best recollection' was that the average life of an accident and health policy was 6 1/2 to 7 years.[4] The Commissioner presented an expert witness, to whose testimony the Tax Court 'attach(ed) great weight.' This witness had a professional insurance background, previously testified in various court proceedings, and was accepted by appellant, without objection, as 'very qualified.' He testified that at the time an accident health policy is written there is no way of estimating the life, that he knew of no way to determine with reasonable certainty 'the retention of clients,' and that 'there are too many human elements involved that change perhaps one set of statistics versus another.'
 
 
 8
 After weighing the conflicting testimony, the Tax Court found that appellant did not meet its burden of establishing that the insurance expirations had a limited useful life, determinable with reasonable accuracy. Marsh & McLennan, Inc. v. Commissioner of Internal Revenue, supra. We find no error in this finding. See Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Farcasanu v. Commissioner of Internal Revenue, 436 F.2d 146, 148 (D.C.Cir.1970); Mack v. Commissioner of Internal Revenue, 429 F.2d 182, 184 (6th Cir. 1970); Clodfelter v. Commissioner of Internal Revenue, 426 F.2d 1391, 1392 (9th Cir. 1970).
 
 
 9
 The decisions of the Tax Court in all three appeals will be affirmed.
 
 
 
 [1]
 Two appeals were taken at Nos. 19,035 and 19,036 by S.S. Ballin Agency, Inc., and a subsidiary corporation, United Health Agency, Inc. A third 'protective' appeal was taken by the Commissioner at No. 19,037 from that portion of the decision affecting the Delman appellees. Because we decide the Ballin appeals in favor of the Commissioner, a discussion of the third appeal does not become necessary. Throughout this opinion we refer to the Ballin appellants as 'appellant.'
 
 
 [2]
 Associated with the sale but not pertinent to these appeals was the purchase by appellant of Delman's stock in a corporation which also functioned as a health and accident insurance agency
 
 
 [3]
 The Commissioner relies on Blaine v. United States, 441 F.2d 917 (April 30, 1971, 5 Cir.):
 The dailies, subscription lists and expirations common to a fire, casualty, and automobile agency are in the nature of good will, have an indeterminate life span, and therefore are not subject to a deduction for depreciation (Citing Salome v. United States, 395 F.2d 990 (5 Cir. 1968)).
 
 
 [4]
 Section 1.167(a)-3 provides:
 No allowance will be permitted merely because, in the unsupported testimony of the taxpayer, the intangible asset has a limited useful life.
 Although Delman was also a 'taxpayer' directly involved in the proceedings, the regulation may have been improperly applied to his testimony in the Ballin case. Inasmuch as the opinion of the Tax Court discloses that it did not rely on this regulation as controlling, we do not consider this question to be dispositive of the issue.