**670**

Robert R. ROST and Roberta S. Rost
v.
UNITED STATES of America.
Civ. A. No. 69–H–1241.

United States District Court,
S. D. Texas,
Houston Division.

Oct. 9, 1973.

Philip A. Donisi, Houston, Tex., for
plaintiffs.

Mary L. Sinderson, Asst. U. S. Atty.,
Houston, Tex., for defendant.

*Memorandum and Order*:

SINGLETON, District Judge.

The Government has brought a Motion
for Partial Summary Judgment. The
sole issue for purposes of the motion
is whether amounts paid for insurance
expirations or customer lists can be de-
preciated or amortized. The Govern-
ment has relied on Commissioner of In-
ternal Revenue v. Killian, 314 F.2d 852
(5th Cir. 1963) and Salome v. United
States, 395 F.2d 990 (5th Cir. 1968).
*Killian* held the policy information con-
tained in the expiration list has goodwill
and that no deduction for depreciation
was allowable for goodwill. Treasury
Regulation § 1.167(a)–3. *Salome* held
that insurance expirations are in the
nature of goodwill with an indetermi-
nate life span and therefore not subject
to deduction for depreciation. The Fifth
Circuit has said in its most recent opin-
ion on the subject of § 167(a) deduc-
tions:

> "[T]he precise issue is often whether
> or not the asset involved is either
> ordinary goodwill or so much like
> goodwill that the reasons for denying
> amortization deductions for goodwill
> are fully applicable. Foremost among
> those reasons is the conclusive pre-
> sumption that goodwill is a non-de-
> preciating capital asset."

Houston Chronicle Publishing Co. v.
United States, 481 F.2d 1240, p. 1247
(5 Cir. 1973).

The *Chronicle* case goes on to
say that although "goodwill" may be
nonamortizable, as a matter of law, there
are fact questions surrounding whether
or not an asset is or is not "goodwill,"

and further, that the important inquiry in considering whether or not the asset is goodwill is whether or not it is "an ongoing asset that fluctuates but does not necessarily diminish" in value, 481 F.2d 1248.

The *Chronicle* case points out, however, that characterizing an asset as goodwill or nongoodwill is merely one way of viewing the problem. The essential fact which all such cases are trying to prove is whether or not "an asset has a limited useful life of ascertainable duration." In both the *Salome* case and the *Griswold* case the taxpayer had failed to convince the trier of fact that the asset had a useful life of ascertainable duration.

In the instant case, when the Government filed its Motion for Summary Judgment, the taxpayers relied wholly upon the case of Blaine v. United States, 441 F.2d 917 (5th Cir. 1971). At that time *Blaine* was on appeal from a district court judgment for the taxpayer. The fact question of whether or not the insurance expirations had a useful life and how long that life could be said to be had been given to the jury. The jury found that an insurance expiration *did* have an ascertainable life span of six years. The Fifth Circuit reversed. It held that in order to bring a case outside of *Killian*, the taxpayer had to show that the expirations in question were legally distinguishable from those in *Killian*; in other words, that, unlike those in *Killian*, they had a "limited useful life which could be estimated with reasonable certainty." Despite the "expert insurance testimony," the Fifth Circuit found that there was no evidence on which the jury could base a verdict distinguishing the expirations in *Blaine* from those in *Killian*. They reversed and directed a judgment notwithstanding the verdict.

Taxpayers in this suit do not allege any facts which would take this case out of *Killian*. The taxpayer bought insurance expiration lists virtually identical to those in *Killian*. He attaches an affidavit in which he alleges as an expert that the policies represented by the list had a provision for renewal of from one to nine years. We do not see how his allegations taken as true would be any different from the expert testimony which a jury heard in the *Blaine* case and which the Fifth Circuit has held was insufficient to take *Blaine* out of *Killian*. In *Chronicle* the Fifth Circuit explained its *Blaine* opinion:

"[T]axpayer had failed to produce that quantum of evidence that would withstand a motion for judgment notwithstanding the verdict under Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969) . . . . In other words we refused to find that the lists there involved were non-amortizable as a matter of law; to the contrary, we treated the issue as a factual question, i. e., whether the limited and ascertainable lives of the intangibles had been proven by sufficient competent evidence," 481 F.2d 1249.

Reading *Killian* together with *Salome* and *Blaine*, even taking into consideration the language of *Houston Chronicle* just quoted, we can only hold that the taxpayer must show that the intangible in question must be shown to be more than an insurance expiration list in order to become amortizable. This the taxpayer has not done.

It is, therefore, ordered, adjudged and decreed that the Government's Motion for Partial Summary Judgment be, and the same is hereby, granted.