RALPH W. FULLERTON COMPANY,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 73–583.

United States District Court,
D. Oregon.

May 31, 1974.

Charles P. Duffy, Joyle C. Dahl, Gary D. Allen, Duffy, Stout, Georgeson & Dahl, Portland, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Vinita Jo Neal, Asst. U. S. Atty., Portland, Or., James N. Flaherty, Trial Atty., Dept. of Justice, Washington, D. C., for defendant.

## OPINION

BELLONI, Chief Judge:

The Ralph W. Fullerton Insurance Agency brought this action for the recovery of $13,888.50, in federal income taxes plus interest alleged to have been overpaid by plaintiff for its 1969 and 1970 calendar years. Jurisdiction is based on 28 U.S.C. § 1346(a)(1).

Plaintiff is an incorporated general insurance agency located in Portland, Oregon. In August, 1968, plaintiff purchased all of the capital stock of James A. Rossman Company, another Portland insurance agency. Plaintiff paid Rossman $111,100 for certain accounts, files, and dailies; $8,900 for goodwill; and $5,000 for all other assets. Neither the portion of the purchase price paid for the goodwill nor the consideration paid for the other assets is involved in this case.

The individual accounts, files, and dailies purchased by plaintiff are generally referred to in the insurance business as insurance expirations. Basically, insurance expirations are customer lists containing all pertinent information

regarding insurance policies held by customers of an insurance agency. Knowledge of this information enables the insurance agent to solicit renewal of the policy.

Plaintiff argues that, in purchasing the stock of Rossman, the accounts, files, and dailies of Rossman were individually priced for each insured. Mr. Grootendorst, an officer of plaintiff, testified that he examined the Rossman expirations prior to the purchase and first eliminated several that he felt were of no value. With one exception, he then valued the remaining accounts at two times annual commissions.

On its 1969 and 1970 federal income tax returns, plaintiff claimed as loss deductions amounts representing the total value assigned by plaintiff to the insurance customers acquired from Rossman who failed to renew insurance policies in those two years. The Commissioner of Internal Revenue determined that the amounts claimed as losses were not properly deductible. As a result, deficiencies in tax and interest were assessed against and paid by plaintiff. Timely claims for refund were filed by plaintiff for the deficiencies. After disallowance of plaintiff's refund claims, plaintiff timely brought the present action.

Plaintiff makes two arguments in support of its claim. First, it contends that the accounts, files, and dailies were individually valued so that it suffered an actual monetary loss each time one of the Rossman customers failed to renew an account with plaintiff. In the alternative, plaintiff contends that it was entitled to depreciate the amounts paid for the Rossman accounts, files, and dailies.

The government contends that the insurance expiration list acquired by plaintiff constitutes a single mass asset in the nature of goodwill. Therefore, the government maintains that the failure of a particular customer to renew his policy is not an event which can be construed as either a deductible tax loss

or as a basis on which the expiration list can be depreciated.

## THE LOSS DEDUCTIONS

As a general rule, there shall be allowed as a deduction any loss suffered by a taxpayer through the destruction, worthlessness, or abandonment of an asset sustained during the taxable year and not compensated for by insurance or otherwise. 26 U.S.C. § 165.

The regulations issued by the Commissioner under Section 165 provide in part:

> Nature of loss allowable. To be allowed as a deduction under section 165(a), a loss must be evidenced by closed and completed transactions, fixed by identifiable events, and, . . . actually sustained during the taxable year. Only a bona fide loss is allowable. Substance and not mere form shall govern in determining a deductible loss.
> [26 C.F.R. 1.165–1(b)]

Plaintiff contends that it assessed the quality of the individual customer accounts and valued each according to the previously mentioned formula.

The government contends that the expiration list acquired by plaintiff from Rossman constituted a mass or indivisible asset which could not be fragmented for loss deduction purposes. It argues that plaintiff not only acquired the specific customers of Rossman, but it also acquired the customer structure of Rossman. In other words, the government asserts that plaintiff obtained not merely a flow of additional income from the particular customers who previously dealt with Rossman, but also, and more important, a new level of operation and an opportunity to make inroads into markets which have already been opened by the acquired business.

■ The indivisible asset rule does not apply where the purchase price was derived by appraising the value of each individual asset separately. Commissioner of Internal Revenue v. Seaboard

Finance Corp., 367 F.2d 646 (9th Cir. 1966) ; Super Food Services v. United States, 416 F.2d 1236 (7th Cir. 1969).

As I stated in finding for the taxpayer in Sunset Fuel Co. v. United States, 375 F.Supp. 1011 (D.Or. filed March 1, 1974), "the question whether a purchaser of a customer list is acquiring a single mass asset or a group of separate individual assets is frequently a factual question which will depend on the method used to evaluate the acquisition in light of the nature of the business being acquired."

While the actual valuation formula used by plaintiff in this case is similar to the formula used by the taxpayer in Sunset Fuel Co., there are essential factual distinctions between the two cases which require a different result in this case.

■ The nature of the business being acquired in the present case is insurance not fuel oil. Defendant does not assert that insurance expirations are non-deductible or non-depreciable as a matter of law. However, the parties have not cited nor have I been able to find any case holding that a taxpayer is entitled to a loss deduction upon the failure of an insured on an insurance expiration list to renew his policy. While it is probable that most taxpayers have claimed their deductions under Section 167 relating to depreciation rather than Section 165 relating to losses, I have found no appellate decision which has allowed a taxpayer to depreciate an insurance expiration list. See, Commissioner of Internal Revenue v. Killian, 314 F.2d 852 (5th Cir. 1963) ; Salome v. United States. 395 F.2d 990 (5th Cir. 1968) ; Blaine v. United States, 441 F.2d 917 (5th Cir. 1971) ; Marsh & McLennan v. Commissioner of Internal Revenue, 420 F.2d 667 (3rd Cir. 1969) ; Potts, Davis & Co. v. Commissioner of Internal Revenue, 431 F.2d 1222 (9th Cir. 1970). The scarcity of authority permitting a taxpayer to depreciate or take a loss deduction on insurance expirations reflects a reluctance on behalf of the courts to allow such deductions absent a strong factual showing. In the present case, plaintiff has not made a strong factual showing that it valued individually the Rossman accounts at the time of their acquisition. For example, plaintiff failed to consider the expected life or the likelihood of renewal of the individual accounts.

In addition, the acquisition in the present case is different from the acquisition in Sunset Fuel Co. In Sunset Fuel Co., the taxpayer acquired the customers of another fuel oil company resulting in a relatively small addition to its existing business in the Portland area. I found, as a matter of fact, that the taxpayer did not acquire the customer structure of the selling fuel oil company. Rather, the taxpayer acquired separate customers producing additional income of a limited duration that ceased to exist when a customer stopped doing business with the taxpayer. In the present case, plaintiff acquired the Rossman insurance expirations. As explained by Mr. Grootendorst, these expirations were acquired because it was necessary that he have his own clients since he had recently become associated with the plaintiff. Plaintiff increased its business by more than 50 per cent.

The expirations acquired by plaintiff consisted of Rossman's records, including copies of the insurance policies, showing the name of the insured, the amount and nature of the insurance coverage, the location of the risk, the policy expiration date, the premium, and other data concerning insurance carried by the client. This information was essential to secure other policies and was of vital assistance to the agency in carrying on their insurance business. Plaintiff gained information pertinent to the insurance needs of the accounts which was helpful in securing renewals and which gave plaintiff the opportunity to succeed to the advantageous position held by Rossman. Mr. Grootendorst testified that because of the personal nature of his relationship with customers, he ex-

pected that referrals would be made. Consequently, the value of the Rossman accounts persisted indefinitely in the form of new business resulting from plaintiff's position as the owner of the expirations. Plaintiff gained a new level of operation and an opportunity to make inroads into markets already opened by Rossman.

I find that plaintiff acquired the customer structure of the Rossman agency so that failure of a particular insured on the list to renew a policy cannot be said to constitute a "closed and completed transaction, fixed by identifiable events." Under the circumstances present in this case, plaintiff is not entitled to take a loss deduction on the Rossman accounts.

## THE DEPRECIATION DEDUCTION

As a general rule, there shall be allowed as a deduction a reasonable allowance for the exhaustion of property used in the trade or business or of property held for the production of income. 26 U.S.C. § 167.

The regulations issued by the Commissioner under Section 167 provide in part:

> If an intangible asset is known from experience or other factors to be of use in the business or in the production of income for only a limited period, the length of which can be estimated with reasonable accuracy, such an intangible asset may be the subject of a depreciation allowance. . . .
>
> An intangible asset, the useful life of which is not limited, is not subject to the allowance for depreciation. No allowance will be permitted merely because, in the unsupported opinion of the taxpayer, the intangible asset has a limited useful life. No deduction for depreciation is allowable with respect to goodwill. [26 C.F.R. 1.167(a)-3]

■ Plaintiff's claim for a depreciation deduction of the insurance expiration list must fail because it has not met its burden of showing that the expira-

tion list has an ascertainable useful life. The expirations purchased by plaintiff from Rossman were in the nature of goodwill in that they gave plaintiff the expectancy of continued patronage. See, *Seaboard Finance,* supra, 367 F.2d at 649; Commissioner of Internal Revenue v. Killian, supra, 314 F.2d at 855.

Accordingly, the failure of a Rossman customer to renew his policy is not an event which can be construed as either a deductible tax loss or as a basis on which the expiration list can be depreciated.

This opinion shall constitute findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a).

The clerk will enter judgment for the defendant.