William Tucker BLAINE, Jr., and
Ada M. Blaine

v.

UNITED STATES of America.

W. Tucker BLAINE, Sr., and
Lorraine M. Blaine

v.

UNITED STATES of America.

John G. WILLIAMS and
Matilda Williams

v.

UNITED STATES of America.

Laurence Daly WILLIAMS and
Betty Williams

v.

UNITED STATES of America.

Anne G. POWELL, Executrix of the Estate of Wilbur N. Smith

v.

UNITED STATES of America.

Loula Bess BURCH

v.

UNITED STATES of America.

Civ. A. Nos. 73–H–1667 to 73–H–1672.

United States District Court,
S. D. Texas,
Houston Division.

May 29, 1975.

John A. Bailey, Houston, Tex., for plaintiffs.

Robert Darden, Asst. U. S. Atty., Houston, Tex., Eugene Sayer, Dept. of Justice, Tax Div., for defendants.

*Memorandum Opinion*

SINGLETON, District Judge.

The above-styled-and-numbered cases were consolidated for purposes of discovery and trial on April 29, 1974. Although there are slight variations in the facts in each, they are all essentially the same case, arising as they do from the same set of facts. The facts, which are virtually uncontested, are as follows.

On August 1, 1962, Fannin Bank acquired from Garth Bates & Co. its mortgage loan business. At the same time an affiliate of Fannin Bank, the Fabian

Corporation, acquired from Garth Bates & Co., its fire and casualty insurance agency, a separate and distinct business. The assets of this insurance business consisted of 2,039 insurance policy "expirations" and a covenant not to compete executed by Garth C. Bates Co. for the next six years. Fabian Corporation sold the expiration list and the covenant not to compete to Blaine Associates immediately thereafter. The plaintiffs in each of these cases were partners in Blaine Associates which bought the assets. They claimed deductions on their 1962 through 1968 individual income tax returns which represented their pro rata share of the amortization of the $96,000 maximum purchase price paid by the partnership.

The deductions for the years 1962 through 1964 were disallowed by the Internal Revenue Service for two reasons: the insurance expirations do not have a reasonably ascertainable useful life and they are in the nature of goodwill (which the Internal Revenue Service was claiming at that time made the insurance expirations nonamortizable as a matter of law). Suits were instituted by the plaintiffs claiming refunds for the disallowed deductions. A jury returned a verdict finding that the expirations had a useful life of six years. Blaine, Sr. v. United States (C.A. 69–H–156), 24 A.F.T.R.2d 69–6030. The Internal Revenue Service appealed and the Fifth Circuit reversed the denial of the Motion for Judgment Notwithstanding the Verdict. 441 F.2d 917 (1971). Petitions for rehearing and rehearing en banc were denied by the Fifth Circuit as was the petition for a writ of certiorari to the United States Supreme Court. 404 U.S. 952, 92 S.Ct. 286, 30 L.Ed.2d 269 (1971). That decision is therefore final.

Subsequently, in 1971, the Internal Revenue Service disallowed similar claims filed by the plaintiffs for the years 1965 through 1968. The deficiencies were paid and claims for refund filed. The refunds were disallowed and the instant suits for refund were then filed. The plaintiffs herein are claiming that they should be allowed to amortize these insurance expiration lists and the covenant not to compete. Both parties have stipulated that the plaintiffs in the first litigation are legally identical to the plaintiffs in the prior Blaine litigation.

All six of these cases allege exactly the same cause of action and except for names, dates, and amounts, all of the claims are identical:

6. In the alternative, the seller's six-year covenant not to compete had substantial value; and accordingly, a refund of taxes should be awarded based on amortization of the value of such covenant over its six-year life. Further in the alternative, the portions of the commissions paid over by the taxpayers (Blaine Associates) to the seller are excludable from the taxpayers' income, because such portions represent income accruing to the benefit of the seller rather than to the purchaser, Blaine Associates. (Such portion was 30 percent of net commissions until payment of $36,000 principal, and 20 percent thereafter.) Finally, and still further in the alternative, the amount of payments actually made to the seller as of the end of each year are the measure of the taxpayers' deductions for each year.

7. "Estoppel by judgment" or "collateral estoppel" is not applicable to this case, because some of the material facts have changed since the previous litigation between these litigants. Additionally, in any event, there has been a change in the climate of the law since the previous litigation. In the prior case, culminating in the decision by the Fifth Circuit in Blaine v. United States in 1971, involving the taxable years 1962–1964, the government's position was largely based on the fact that the amount sought to be amortized had not been paid, and was contingent and

might never be paid. Such important operative fact—that of contingency of payment—is, however, essentially absent from the present case. In any event, since the time of the decision of the Fifth Circuit in the previous case, there has been a change in the climate of the law, rendering inapplicable the doctrine of "collateral estoppel" or "estoppel by judgment." The change in the legal climate is reflected by the fact that this year, for the first time, there have been appellate court decisions upholding the right of purchasers of customer lists to depreciate them as wasting assets, against the government's claim that customer lists constitute non-amortizable goodwill as a matter of law. One such decision has occurred in the Fifth Circuit itself; another in the Sixth Circuit.

Each side has brought on its motion for summary judgment.

■■ When a claim for a particular tax year is litigated, a judgment on the merits is *res judicata* of a proceeding involving the same claim for the same tax year. However, to relieve courts and litigants from repetitious litigation over matters already decided for which the controlling facts and law have remained the same, the courts in tax cases employ the related doctrine of collateral estoppel to claims which relate to the identical tax claim but for a different tax year. Each year sees the origin of a new tax liability and a new cause of action because income taxes are levied on an annual basis. Commissioner v. Sunnen, 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898 (1947).

There is really no question about this doctrine and the plaintiffs do not dispute its existence. They merely dispute its applicability in the instant case. Their contention is that the controlling facts and the legal principles have changed materially so as to abrogate the doctrine of collateral estoppel.

The major contention of the plaintiffs is that the "climate of the law" has changed so drastically that collateral estoppel can no longer apply. The plaintiffs base their contention upon the fact that recent appellate court decisions, notably, Houston Chronicle v. United States, 481 F.2d 1240 (5th Cir. 1973), cert. denied, 414 U.S. 1129, 94 S.Ct. 867, 38 L.Ed.2d 754 (1974), have held that customer lists are not amortizable goodwill as a matter of law and the fact that the Internal Revenue Service has changed its litigating position to conform with these court decisions.

Commissioner v. Killian, 314 F.2d 852 (5th Cir. 1963) and Salome v. United States, 395 F.2d 990 (5th Cir. 1968), had been interpreted by the Internal Revenue Service as holding that insurance dailies, subscription lists, expirations, and renewals were goodwill as a matter of law. In the *Blaine* case and in *Houston Chronicle* the Internal Revenue Service had relied upon its interpretation of *Killian* and *Salome*. As became apparent in *Houston Chronicle*, however, the Fifth Circuit did not consider the question of insurance renewals, expiration lists, or customer lists as in the nature of goodwill as a matter of law. Rather, the Fifth Circuit explained the earlier cases which seemed to so hold as cases which had failed on their facts; the taxpayer had "adduced no controverting evidence of a limited useful `life" of the asset. It will be remembered that in the *Blaine* case the Commissioner had not allowed the depreciation for two reasons: (1) the assets did not have a reasonably ascertainable useful life and (2) the assets were in the nature of goodwill.

In the *Blaine* case itself the Fifth Circuit had spoken of the assets in terms of the *Killian* and *Salome* goodwill-nongoodwill analysis, but it had never held that insurance expiration lists were goodwill as a matter of law.

The Fifth Circuit explained its *Blaine* analysis in this way:

[T]he precise issue is often whether or not the asset involved is either

ordinary goodwill or so much like goodwill that the reasons for denying amortization deductions for goodwill are fully applicable. Foremost among those reasons is the conclusive presumption that goodwill is a non-depreciating capital asset.

Houston Chronicle Publishing Co. v. United States, 481 F.2d 1240, 1247–1248 (1973).

As this court said in his opinion in Rost v. United States of America, 371 F.Supp. 670, 671 (S.D.Tex.1973):

> The *Chronicle* case points out, however, that characterizing an asset as goodwill or nongoodwill is merely one way of viewing the problem. The essential fact which all such cases are trying to prove is whether or not "an asset has a limited useful life of ascertainable duration." In both the *Salome* case and the *Griswold* case [Griswold v. Commissioner, 400 F.2d 427 (5th Cir. 1958)] the taxpayer had failed to convince the trier of fact that the asset had a useful life of ascertainable duration.

*Houston Chronicle* changed the focus of the question from whether the asset is goodwill or in the nature of goodwill to whether as a factual matter the asset has a limited useful life ascertainable with reasonable accuracy. The Internal Revenue Service has changed its regulations merely to reflect that different focus.

█ The plaintiffs ask this court to challenge the Fifth Circuit's interpretation of the *Blaine* case in the *Chronicle* decision and to hold that the *Blaine* case fell not on its facts but on the law. This the court will not do. The law has not changed and this case cannot escape the doctrine of collateral estoppel in that way.

Nor does this case fit into the other exception to the rule. There has been no change in material fact. At the time of the trial on the 1962–1964 claims, the plaintiff had to resort to what the Fifth Circuit obviously saw to be a certain amount of speculation of how long the useful life of the expiration list and covenant not to compete could be found to be. For the 1964–1968 claims, there are more facts which could be placed into evidence, but the quality and character of that evidence is the same. Quoting from the plaintiffs' brief in support of their opposition to the defendant's motion for summary judgment:

> Now, based on the January 31, 1975 Affidavit of W. Tucker Blaine, Jr., we can show the Court that over two-thirds of the customers have been lost. (Actually, more than the 69 percent stated in the affidavit have been lost, but the 31 percent remaining also includes new substituted customers, as explained in the affidavit.) This *fact* is more conclusive than anyone's *opinion* as to whether the asset is a wasting asset.

Plaintiffs' Brief, p. 3. Further:

> Another point . . . is that now 69 percent of the customers on the original expirations list have been lost to the taxpayers (and of course, more are continuing to be lost each year, as these individuals die or move away or sell their houses for other reasons. . . .)

Plaintiffs' Brief, pp. 44–5.

The Fifth Circuit clearly held in the original case, however, that evidence of this type and the expert opinion evidence based on it were insufficient to prove up the plaintiff's case. *Cf.* Blaine v. United States, 441 F.2d 917, 918–919 (1971). There are no new material facts which plaintiff has indicated he will put on to justify another day in court. Accordingly, the defendant's Motion for Summary Judgment is hereby granted. Plaintiffs' Motion for Partial Summary Judgment is denied.

It is so ordered.